Case number 19-1619, USA v. Nicholas Malinowski, argument not to exceed 15 minutes per side. Ms. Rabin, you may proceed for the appellant. Thank you. Good morning, Your Honors. I am Margaret Rabin from Detroit, Michigan. I represent Nicholas Malinowski. This is an appeal for the denial of a forfeiture claim under 853. I think some chronology might be helpful here. My client buys this Corvette automobile in March of 2014. In June of 2014, a third party, the government eventually learns this and interviews the seller. And there's no question that my client, who the seller identifies by a photo, is the person who buys the car. In June of 2015, the government arrests Joseph Rowe, my client's father, on his drug charges, and seizes the title to the Corvette from Joe Rowe's home safe. In October of 2017, Mr. Rowe finally agrees to plead guilty without a plea agreement, but with a stipulated forfeiture agreement that he will forfeit his interests in a number of real properties, a number of vehicles, and cash. The Corvette is included in that list. A week later, my client, through different counsel, files his initial ancillary petition. So at that point, the government is aware that my client is raising a claim. In January of 2018, my client pleads guilty also without a plea agreement and with absolutely no discussion about the forfeiture of the Corvette. My client is sentenced. My assigned counsel representation ends. The government files the 853 petition to open the ancillary proceedings. I think we've got the chronology. Okay. Is your perspective that there are certain requirements to show ownership in this matter, or is your perspective that we're not worried about those requirements because of certain facts in this case? No. I think that forfeiture of third-party interests should require the courts to create every opportunity for the third-party claimant to actually prove his or her claims, and that's what wasn't allowed to happen here. Is this a question of federal law? Or is it state law? State law is the state court's decision to have government ownership. Is this a federal rule you want to draft out of the federal forfeiture procedure? I don't think so, Judge Riedler. I think that 853 requires the claimant, my client, to present his initial claims of being the owner of this vehicle and a good faith purchaser for value, a bona fide purchaser for value, and that's what he did. The government is arguing here that the district court thereby allowed him to amend his petition, which I dispute. I think the court has the discretion to let him amend his petition and raise his amended claims, which he did. So he bought the car from the third party? Yes. But there's no signed title? He bought the car. The seller signed the title. Gave the title and the car to my client in exchange for money. Under Michigan law, that transfers ownership. It was cash. My client had access to cash. How much did it sell for? $54,000, $55,000. My client has... No receipt, obviously. Well, the seller says he gave me the cash. I gave him the car. I signed the title. I gave him the car. He drove off in the car. And what happens to them? The title somehow ends up in Joe Rowe's safe. My guess is my client, who goes into state of Michigan custody because of some other legal issues he has, and is in custody for... continuously from that point... Does the record show where the client has the code to the safe? There has been no backfinding on any of this. He would have... As I understand this, he would have to have registered the title at the Secretary of State. How can you register the title without putting the name of the buyer on it? The name of the buyer is on it. Oh, the name of the... He would put the name of the buyer. He's the buyer. Wait, what if the name of the seller was on it? The name of the seller was on it. I'm sorry. Maybe I'm not being clear. When the seller sold the car to Malinowski, the seller signed the title. Malinowski did not sign the title. There's no requirement that Malinowski sign it. So basically, I'm sure his name is on the title, but his signature is not. Is that what you're saying? No. No. In Michigan, when you transfer a vehicle, the seller puts the seller's information. There is no requirement that the buyer put the information on until the buyer goes and registers the title. And the reason the buyer would have to register the title is because he wants to get plates. He wants to get insurance. He wants to legitimize his title to the car. So was the title ever registered? Not in Michigan. Was it registered anywhere? The title was... I'm assuming so because the seller had a title to the vehicle. So it was registered under Malinowski's name? No. And not in New Brunswick. Did Malinowski get insurance? No, because almost immediately after he gets this car, he has multiple state cases going on at the same time. He gets charged with a bond violation and his bond is revoked. And from that point forward, he is in either a Michigan jail or Michigan Department of Corrections up until a couple months ago. Is there any evidence that your client ever drove the Corvette? Well, he drove it home from the seller. I know that. Was that it? I don't know the answer to that because the chronology is he gets wrapped back up in his state of Michigan cases and he is never out of custody until sometime last year when he got out. When you look at state law cases in terms of ownership, they all sort of come down to or the amnesia of ownership. Sometimes there's sign title, that makes it quite easy. Sometimes there's other things, insurance, registration, proceeds. There's basically no amnesia of ownership here. It's hard to imagine a case with less amnesia. I'm not sure what... You know, the state of Michigan cases that I have cited say that title transfers and ownership transfers, and it may be that the state of Michigan cases use those terms interchangeably or casually, but once the seller signs the title and gives the car to someone, that person now owns the car, and the presence or absence of a registered title is not determinative. And I've not found a Michigan case that is directly parallel to this. The federal agents interviewed the seller. There's a 308. Yes. Yes. Yes. The seller describes my client in some unflattering words, and the agents give him a photo of my client, and he says, that's the guy who bought the car. He doesn't mention the presence of the father at all during the transaction. He said he was buying it as opposed to the location of the father. The FBI agents went out and interviewed the seller, and surely they had an interest in asking the questions the court just asked about this because Joe Rowe, the dad, is agreeing to forfeit this vehicle. Now, I don't believe for one minute that of the list of 35 things that Joe Rowe agreed to forfeit that, in fact, he had any interest in most of them. What he was doing is trying to get his – trying to resolve his federal case. Does the complaint say that he drove the car away? The only thing – the only one thing you've given us is that he drove the car from the seller. He took the car from the seller. Is that the complaint? No, but it's a fact here that the seller, who is in Michigan, incidentally, the seller could come in and testify to. Is the complaint – I'm sorry. They already said this. Does the complaint have allegations in it that the seller identified the new client as lying? No, and I am not sure that the initial petition needs to do that because under Michigan law, my client has a signed title. My client got a signed title from the seller. Money was exchanged. There is no question of that. The seller intended to sell the car to my client. My client intended to buy it. And under Michigan law, that is enough for you to have an ownership interest in this car. Now, the government wants to argue that the failure to register the title is absolutely fatal. That can't be. Let me just throw out a scenario. Let me ask you, under Michigan law, is it lawful to just own the vehicle and never register the title? I assume you have some period of time under Michigan law in which you're supposed to register the title after you buy it and review the plates or buy insurance and buy insurance. But does Michigan law provide – say you buy a vehicle and you never want to drive it. You just want it to sit in your garage and look at it. Does Michigan law allow you to do that without actually registering and getting plates? Or do you have to get plates for the vehicle even if it's just going to sit in your garage and you do nothing with it? It is a misdemeanor offense in Michigan to drive a vehicle that is uninsured and does not have valid plates. If you're – I'm talking about you're not driving it. You're just having – you have a truck tow it to your garage and it sits in your garage and you never drive it. Do you have to have plates in Michigan? My understanding is no, because you're not going to drive the car. And you don't need insurance if you're not going to drive the car. Can I ask just one quick question? I think you wanted to make a complaint about the validation of your title as a bona fide purchaser. That's what I wanted to do. Doesn't it need to be a purchaser from Roe as opposed to a third party? This is a document that – Roe has no interest in this car. Well, he's the person who has the vehicle. He has the title when he's arrested. It's in his safe. It's in his safe. Yes, it's not something he owns the vehicle. And you can imagine an offense where someone doesn't want to off that car from this person. But Joe Roe has never said that. Joe Roe has – I am not aware of one piece of evidence in the criminal cases or the forfeiture case where Joe Roe asserts an interest in the Corvette. Or the government can show that he has an interest in the Corvette. Other than having a document? He had the document in his safe. Well, so the document where he agrees to forfeit. Well, I do not believe – You don't think that counts. He's giving away someone else's car. He's – what the forfeiture order says, Mr. Roe agrees to forfeit his interest in the vehicle. If he has no interest in it, then he can happily sign his name because he doesn't care. You've been on the Corvette for a little while. I have been. So you can take a photo of it. Yes, thank you. Good morning. Good morning, Your Honors. May it please the Court, Amanda Jawad on behalf of the United States. Your Honors, there is one hurdle that Mr. Malinowski cannot get over in this case, and that's that he can't establish under Michigan law that he was the owner of this vehicle. And that's under both versions of his complaint. Even the – or, sorry, the petition. Even the amended petition doesn't establish enough under Michigan law for him to have a legal – What about the reality that there is someone out there who would say he gave the possession of the car, paid $54,000, paid title? Does that mean something? Not under the Michigan law. The opponent is actually incorrect that the ownership transfers if a seller signs the assignment of title and gives it over to the buyer. So the Michigan Vehicle Code, which was amended in 2007, states that the effective date of a transfer of title or interest in a vehicle is the date of signature on either an application for title or an assignment of title by the purchaser, transferee, or assignee. And that language, by the purchaser, transferee, or assignee, is what was added in 2007 by the Michigan legislature for the purpose of clearing up confusion on this very question. So it's not enough in Michigan law to have title to a vehicle or to – It's a practical question. I mean, why wouldn't you sign the title as a purchaser? And currently, perhaps you're trying to avoid having to pay taxes on the purchase of the vehicle. If you're going to flip the vehicle, if you don't sign it, you can just transfer the title to the next purchaser who then signs it. You avoid having to pay the taxes as the first purchaser. Am I reading this correctly, that this is why people would not sign the title?  If you look at the affidavit that's attached to Mr. Malinowski's amended petition in the district court, he actually says he didn't sign the title. So it was an intentional act on his part. He says, I didn't sign the title because I was hoping to immediately resell the vehicle. Just out of curiosity, if I were working for the Michigan tax department or the revenue department, I would think that works. If I heard that that happened, I would charge Mr. Malinowski sales tax on that purchase. Would I be able to have rights to do that even though I didn't sign it? You would, Your Honor, and also – Does that suggest under Michigan law he was an owner? No, I think what it suggests is that he's trying to – He's a buyer. Yes, he's a buyer. How else am I charging you sales tax? Well, I think in your hypothetical, he'd be intentionally trying to evade paying taxes. Absolutely. Which would be a violation. And the Michigan revenue people would not like that. And they would look through the fact he didn't sign it and treat him as the owner and buyer. If that's true, I don't know why he's owner and buyer for sales tax purposes. But not for other purposes. Well, I think under the McLaurin Vehicle Code, there's a difference between a buyer and an owner. Because we're not disputing that Mr. Malinowski bought the car. That's something that has to be taken as true on a motion to dismiss. Because that's what he alleges. But he's not the legal owner in the eyes of Michigan law. Theoretically, the Michigan law emergency may charge whatever it is, $5,000 to $6,000 in taxes, and have the car taken by him. Yes, that's correct. But he— Wow. That's a big loss. Well, the courts have said that the Michigan Motor Vehicle Code is something that is strictly followed in Michigan. There is a bankruptcy case where a cousin purchased a vehicle in her own name because her cousin that wanted to use the vehicle didn't have good enough credit for that. And so the person actually using the vehicle supplied all of the money to buy the vehicle, paid all of the payments for the vehicle, but never had title to the vehicle because it wasn't put in her name. And the court said—the federal bankruptcy court said that's not enough under Michigan law to be the owner, even though that person had made all of the payments on the car, had paid the initial down payment on the car, had maintained the car, repaired the car, had insurance in her name. That's not enough. And the federal bankruptcy court noted that the Michigan courts of appeals have strictly interpreted the Michigan Motor Vehicle Code such that any purchase that violates the Motor Vehicle Code is void. So it isn't enough to pay for a vehicle. You have to then take those steps to go to the Secretary of State to sign the piece of paper and register that vehicle. And I want to go back to a question that Judge Bush asked, and that's, is there a requirement to register the vehicle with the Secretary of State? And there actually is in Michigan a requirement that the purchaser register that title within 15 days of the purchase. Even if it's not being driven at all? That's—the statute doesn't say even if it's not being driven, but you do have to register a vehicle that you purchased if you want to be deemed the owner in the eyes of the law, which is what Mr. Malinowski is now trying to do in this forfeiture petition. And Mr. Malinowski, under his version of events, got the title to the car a year and a half before the car was seized by the government. And he had all of that time where he could have—I understand he had some legal issues, but he, in that year and a half, never signed the title to the vehicle, never took any steps to register, and doesn't even allege that he possessed or drove the vehicle. What about this modified purchaser argument that your friend on the other side wanted to make, but he wasn't allowed to, maybe ultimately? But is that going to be a modified purchaser of a person who presumably owned the car at the time of the arrest and the forfeiture, number four, or can Malinowski just show you it was a modified purchaser from somebody else? I think that the modified purchaser doctrine really isn't meant for this situation. There isn't a— It's not an answer, okay? I'm sorry. Let's hear that. But to answer your question, there isn't a 11th Circuit case that says you have to purchase it from the defendant. So this—the modified purchaser doctrine is meant to protect innocent parties who maybe purchased something from a wrongdoer, and the wrongdoer knows that this property may be subject to forfeiture because the wrongdoer is engaged in ongoing criminal conduct. So the modified purchaser provision is meant to protect any innocent party that acquires it after the government's interest in the property has vested via the criminal proceedings. So I don't think Mr. Malinowski can establish he was a modified purchaser because he didn't purchase this from the criminal wrongdoer, which would be his father, and also he was a co-conspirator, too. So he didn't have any—you have to show cause to believe that—you have no reason to believe that the asset would be subject to forfeiture. And I'm not sure Mr. Malinowski could show that, given that he was a co-conspirator in this and that his father agreed to the forfeiture of that—of the property. Could there have been forfeiture for Mr. Malinowski's own conviction? Any forfeiture pursued? No, Your Honor. He didn't agree to forfeiture, and there were no assets forfeited under his judgment. Why not? I'm just curious why not. Was it just because of the crimes he was involved in?  I'm not sure. I do believe that the assets—or the title—multiple titles to the assets were found in the father's safe. So maybe the father was deemed to have control or interest in— Does the record show that the son had access to the safe? There's nothing in the record that shows that, as far as I'm aware. Do we have senior argument? Thank you. We ask that the court affirm the district. All right. Thank you very much. If Malinowski had been driving that car before the title was registered and he'd run into a mail truck and injured a mail person, the government would be absolutely claiming that he was the owner of that car, whether he had registered the title or not. So in this context, there are enough facts to show that under Michigan law, title transferred to him. The argument that if you don't register the title under Michigan law, you're not the owner, is simply not a bright line that decides this case. And I understand Ms. Chouad was not the prosecutor during the criminal case. I represented Mr. Malinowski after the initial claim was filed and resolved the case. Which is not worth it. At this point, it's probably been sitting in some field someplace. I don't know where the car is. I don't know what the government has done with it. But given the litigation, I would be surprised if it was sold. I mean, I'm sure it's still there someplace. All right. Thank you, Ms. Chouad. Thank you, sir. I appreciate both of your arguments and briefs. Thank you so much. And Ms. Chouad, this is your court appointing counsel, and we're really grateful for this great service to the citizens. Thank you very much. This will be submitted to the clerk and the court.